IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM LIEBAU,

          Plaintiff,

v.                                     CIVIL ACTION NO.  2:21-cv-00140

WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 9), *Memorandum of Law in Support of West Virginia Division of Corrections and Rehabilitations' Motion to Dismiss* (Document 10), and the *Plaintiff's Memorandum in Opposition to the West Virginia Division of Corrections Motion to Dismiss Plaintiff's Complaint* (Document 13).   For the reasons stated herein, the Court finds that the motion should be granted.

**FACTUAL BACKGROUND**

On March 1, 2021, the Plaintiff filed a *Complaint* (Document 1) with this Court, alleging that he was attacked on March 3, 2019.   In particular, the Plaintiff asserts that on that date, when Defendant Toller approached the Plaintiff's cell, he informed Defendant Toller that the lock on his cell was broken.   Defendant Toller became upset, opened the cell door, grabbed the Plaintiff by the throat, and told him that he was going to "beat his ass."   (Compl. at ¶ 8.)   Defendant Toller then proceeded to punch and strike the Plaintiff repeatedly in his face, back, and ribs.   After

Defendant Toller stopped beating the Plaintiff, Defendant John Doe sprayed the Plaintiff in the face with oleoresin capsicum (OC) spray while he was lying on the ground with his hands behind his back. As a result of the incident, the Plaintiff suffered burning eyes, shortness of breath, burning of skin, and bruising and pain to his back, face, ribs, and neck. Based on these facts, the Plaintiff has asserted claims against the Defendants pursuant to 42 U.S.C. § 1983 and has also asserted a claim for vicarious liability.

The Defendant WVDCR filed its motion to dismiss on June 24, 2021. The Plaintiff filed a response on July 8, 2021. No reply was filed, and the matter is now ripe for review.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further

factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant WVDCR argues that it is immune from suit pursuant to the Eleventh Amendment of the Constitution and should, therefore, be dismissed from this case. The Defendant WVDCR further argues that it has not waived its immunity nor consented to suit, Congress has not abrogated immunity for this type of suit, and no *Ex Parte Young* exception applies in this case. Lastly, the Defendant argues that the remaining claim against the WVDCR for vicarious liability fails because it cannot be pursued as a stand-alone claim.

The Plaintiff argues in response, without citing any case law, that this suit is not barred by the Eleventh Amendment because the applicable insurance policy waives immunity, and because this Court would apply state law to any claims raised. The Plaintiff further argues that the Defendant WVDCR is not entitled to qualified immunity because state agencies may be held vicariously liable for the wrongful acts of employees committed within the scope of employment.

The Plaintiff has set forth two claims in the complaint: a claim for violation of 42 U.S.C. § 1983 and a claim for vicarious liability. The Plaintiff has made clear, however, that he is not asserting a claim against Defendant WVDCR pursuant to 42 U.S.C. § 1983. Of course, vicarious liability is not a stand-alone claim, and a state agency cannot be held vicariously liable under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that "vicarious liability is inapplicable to *Bivens* and § 1983 suits."); *Young v. Apogee Coal Co. LLC*, No. 2:12-CV-01324, 2014 WL 1900791, at *2 (S.D.W. Va. May 13, 2014) (Goodwin, J.) (stating that to assert a claim for vicarious liability, it must be "based on other underlying claims.").[1] Therefore, the claim for

---

1 The Court has addressed this same issue in previous cases in which Plaintiff's counsel represented different plaintiffs. *See e.g., Wale v. Hayhurst et al.*, 2:20-cv-00713 (Document 15). The Court would urge Plaintiff's counsel to carefully review the precedent cited herein prior to filing additional pleadings in this Court.

vicarious liability is left untethered to any substantive claim and must be dismissed. Because no claims remain against the Defendant WVDCR, it is not necessary to address Eleventh Amendment immunity.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 9) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 23, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA